John J. LEESON, o/b/o Mary Jane Leeson, John J. Leeson, 3rd, Barbara Ann Leeson, and Virginia Marie Leeson, Plaintiffs,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 63-C-788.

United States District Court E. D. New York.

Dec. 31, 1963.

John J. Leeson, in pro. per.

Joseph P. Hoey, U. S. Atty., E. D. of New York for defendant; by George V. O'Haire, Asst. U. S. Atty.

BRUCHHAUSEN, District Judge.

The plaintiff questions the constitutionality of certain provisions of the Social Security Act and moves for summary judgment. The defendant also moves for summary judgment.

FACTS NOT IN DISPUTE

Mary A. Leeson, a fully insured individual in the Social Security system, died on September 7, 1958, leaving her surviving, her husband, John J. Leeson and four minor children. The said Mary A. Leeson and John J. Leeson married in the year 1941. She was employed until 1943. From that time on until her death

528

she was not employed but was occupied exclusively as a housewife and did not engage in any remunerative or gainful work. During this period her husband furnished the children with their entire support.

The Social Security Administration denied insurance benefits to the said minor children upon the ground that they were not covered by the provisions of the statute, 42 U.S.C. § 402, in that at the time of the mother's death they were not dependent upon her and she did not contribute to their support.

The plaintiffs sought review in this Court of said ruling under 42 U.S.C. § 405. The principal issue they raise is that the statute is discriminatory and therefore unconstitutional. Such alleged discrimination exists, according to plaintiffs, in that the circumstances under which a child is deemed to be dependent upon a deceased mother differ from those under which a child is deemed to be dependent on a deceased father. In the case of a deceased father a surviving child is deemed dependent upon him unless the father was not living with or contributing to the support of such child. 42 U.S.C. § 402(d) (3) and (5).

The constitutionality of the Social Security program, designed to promote the general welfare has been upheld in a number of cases, viz.: Helvering v. Davis, 301 U.S. 619, 672, 57 S.Ct. 904, 81 L.Ed. 1307; Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L. Ed. 1279; Carmichael v. Southern Coal and Coke Company, 301 U.S. 495, 57 S. Ct. 868, 81 L.Ed. 1245.

 It is settled law that Congress is invested with latitude in making selections and classifications in legislation and the provisions will be upheld unless there is no possible rational or reasonable justification for them.

The Congressional Committee reports disclose the reasons for the differing requirements in the cases of a deceased father and a deceased mother, leaving surviving children in that a child is normally dependent upon his father for support whereas a child is not normally dependent upon his mother.

These considerations are based upon experience in the family support field. The object of the statute is to provide a surviving child with a benefit only where he has suffered a loss of support through the death of a parent on whose earning record the benefit is claimed.

The defendant is entitled to summary judgment. The plaintiff's motion is denied.

Settle order and decree on notice.