**Sarah T. ELLIS**

v.

**John GARDNER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 42409.**

United States District Court
E. D. Pennsylvania.

Aug. 21, 1969.

Russell E. Ellis, Fox, Differ & Di-Giacomo, Norristown, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., for defendant.

## OPINION

HANNUM, District Judge.

This is a suit under Sec. 205(g) of the Social Security Act, 42 U.S.C. Sec

405(g) to review a "final decision" of the defendant Secretary of Health, Education and Welfare. Both parties have moved for summary judgment.

On September 1, 1965, the plaintiff filed her application for old age insurance benefits which would commence as of her 62nd birthday on October 13, 1965. Old age benefits were awarded her on January 10, 1966. The benefits awarded did not include credit for self-employment income for the year 1958. The income tax form which the claimant had filed for 1958 did not show any self-employment income. It did, however, list as a long term capital gain the proceeds the plaintiff had derived from the sale of a business in which she had owned an interest. Upon an audit of the 1958 return, the Internal Revenue Service questioned the treatment of the amount received from the sale of her partnership interest.

The Internal Revenue Service argued that the payment received by the plaintiff was properly a redemption of a partnership interest, in which case the amount received by the plaintiff in excess of her basis in the partnership would be ordinary income. The Internal Revenue Service was unable to complete its audit within the statutory time limitation, and the plaintiff agreed to sign a consent form (Form 872) extending the limitation period first to June 30, 1962 and later to June 30, 1963. The first consent form was signed by the plaintiff on October 27, 1961, which was within the time limitation set by 42 U.S.C. Sec. 405(c).

On June 21, 1963 the Commissioner of Internal Revenue issued a statutory notice of deficiency and treated the excess receipt from the partnership above the taxpayer's basis in the partnership as self-employment income. The plaintiff then signed a waiver agreeing to assessment on August 5, 1963, and the tax was paid together with interest.

The question presented to this court is whether the consent form (Form 872) signed by the plaintiff was sufficient notice to the Secretary of Health, Education and Welfare so as to satisfy the requirements of the Social Security Act.

At the time the plaintiff filed her 1958 tax return there was doubt as to how the proceeds from the sale of the partnership should be treated. The proceeds were treated in the return, which was prepared by a certified public accounting firm, as long term capital gain. As far as the plaintiff was concerned she had no self-employment income. It was only subsequently decided by the Internal Revenue Service that she did. The plaintiff could not have reported the self-employment income within the time limitation set by the Social Security Act.

A statute cannot require a person to do that which it is impossible for him to do. Section 405(c) (5) of 42 U.S.C. permits the Secretary, after the expiration of the time limitation, to conform his records to, "(i) tax returns or portions thereof (including information returns and other written statements) * * *." The consent form signed by the plaintiff fits within the clause "and other written statements" of Section 405(c) (5) (F) (i) (See Maloney v. Celebrezze, 236 F. Supp. 222 (N.D.Ohio 1964)), so as to permit the Secretary to change his records even though the time limitation has expired.

## ORDER

And now, this 21st day of August, 1969, it is hereby ordered that plaintiff's motion for summary judgment is granted.

The Secretary of the Social Security Administration is ordered to conform his records in accordance with this Opinion including in the plaintiff's earnings record the self-employment income for the year 1958, to recompute the amounts of her monthly old age insurance benefits, and to make payment of such benefits to the plaintiff.