Lorraine Seitz **HERZBERG**, Plaintiff,

v.

**Robert H. FINCH**, Secretary of Health, Education and Welfare, Defendant.

No. 68 Civ. 5175.

United States District Court, S. D. New York.

Jan. 15, 1971.

Mary B. Tarcher, The Legal Aid Society, New York City, for plaintiff; Julius C. Biervliet, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty. S.D.N.Y., for defendant; Joel B. Harris, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

These are cross-motions for summary judgment in an action brought pursuant to 42 U.S.C., section 405(g) to review a final decision of the Secretary of Health, Education and Welfare. There is no factual dispute and the parties agree that the matter is ripe for summary judgment disposition. The sole issue to be decided is one of statutory construction involving child's insurance disability benefits.

Plaintiff was born in April 1931, and since May 1943, because of muscular dystrophy, she has been hospitalized at the Goldwater Memorial Hospital, New York City. In March 1962, she married Irwin Herzberg, also a muscular dystrophy patient, who had been at the same hospital since 1942. In January 1967, nearly five years after their marriage, the plaintiff filed an application for insurance benefits as a disabled child, based on the earning records of her father, who in 1964, upon his retirement, became eligible for Social Security benefits. Plaintiff's husband does not receive Social Security benefits, as neither his father nor mother has reached retirement age.[1]

---

1. Shortly prior to the hearing conducted by the Hearing Examiner, plaintiff's fa-

ther-in-law died and the Hearing Examiner noted that plaintiff's husband

Plaintiff's application for child's insurance disability benefits was denied by the Regional Representative of the Social Security Administration upon the ground that she was married to a person not receiving Social Security benefits, and hence was not qualified on her father's earnings records. Upon plaintiff's request, a de novo hearing was conducted before an Examiner of the Bureau of Hearings and Appeals, who made a similar finding. Upon appeal, the decision was upheld, following which this action was instituted.

The applicable statute is clear. 42 U.S.C., section 402(d) provides for the payment of child's insurance benefits to:

"(1) Every child * * * of an individual entitled to old-age or disability benefits * * * if such child—

(A) has filed application for child's insurance benefits,

(B) at the time such application was filed was unmarried and * * * (ii) is under a disability * * * which began before he attained the age of 18 * * *."

The one exception to the requirement that a claimant be unmarried is in the case of an otherwise qualified claimant who marries a person, himself entitled to receive child's insurance benefits, or otherwise entitled to Social Security benefits pursuant to specified provisions of the Act. Thus, it is provided in 42 U.S.C., section 402(d) (5):

"In the case of a child who has attained the age of eighteen and who marries—

(A) an individual entitled to benefits under subsection (a), (b), (e), (f), (g), or (h) of this section or under section 423(a) of this title, or

(B) another individual who has attained the age of eighteen and is entitled to benefits under this subsection,

such child's entitlement to benefits under this subsection shall, notwithstanding the provisions of paragraph (1) of this subsection * * * not be terminated by reason of such marriage * * *."

Plaintiff concedes she does not qualify within any of the specified sections. However, she emphasizes that the Social Security Act has been repeatedly and consistently held to be a remedial statute which must be broadly construed and liberally applied,[2] and that the courts must read obvious exceptions into the statute when necessary to effectuate its purpose on the theory that to do so carries out the legislative intent.[3] Plaintiff urges upon the court that the statutory provisions which exclude her because she was married undoubtedly were based upon a commonly accepted fact that a married individual generally becomes the dependent of a spouse able to provide support. Here, however, plaintiff stresses an unusual situation where an otherwise eligible disabled person marries another person, also disabled, who himself is not qualified for benefits under the Act. In this circumstance, it is urged, Congress could not have intended to deny a claim of child's insurance benefits simply because one disabled spouse does not qualify for benefits. Plaintiff's argument then proceeds that Congress would have provided for payments in this unique situation, and that such intent can be gleaned from the very provision that preserves a disabled child's right to benefits when married to a person entitled to a disabled child's benefits.[4] Accordingly, plaintiff contends that "Congress has in-

may, at some time in the future, receive Social Security benefits on his father's account.

2. *See, e. g.*, Haberman v. Finch, 418 F.2d 664 (2d Cir. 1969) ; Conklin v. Celebrezze, 319 F.2d 569 (7th Cir. 1963).

3. Schmiedigen v. Celebrezze, 245 F.Supp. 825, 827 (D.D.C.1965).

4. 42 U.S.C. § 402(d) (5).

dicated that but for an oversight it would have provided for this type of case of special hardship"; and this court is urged to read into the statute a further exception so that plaintiff will receive child's insurance disability benefits.

■■ However compelling the facts may be in the instant case, the court does not have the power to amend the legislative act in order to rectify the alleged Congressional "oversight." To do so requires the court to legislate and not to interpret a statute which is clear and unambiguous. Here, Congress has explicitly provided for an exception in the instance of a married disabled child claiming benefits under the Act. Plaintiff is unable to cite, and the court has not found, any legislative history to support her contention that, notwithstanding the specific statutory language limiting child's insurance benefits to unmarried persons with the single exception already noted, Congress in fact intended a further exception to apply in cases such as hers. As a general rule, "[w]here a statute makes certain specific exceptions to its general provisions, it is generally safe to assume that all other exceptions were intended to be excluded." [5] As this court has stated, while "the Act is to be construed so as not to defeat its intended objectives * * * this does not mean the courts are empowered to define the language

of the Act so as to legislate where Congress has failed to do so." [6]

Plaintiff's reliance upon Haberman v. Finch,[7] recently decided in this circuit, is misplaced and does not support her position. In that case the Court of Appeals reversed the District Court's decision, upholding a denial by the Secretary of a claim of child's insurance benefits, on the ground that the Secretary had based his ruling on a regulation promulgated under the authority of the statute which misconstrued the requirement of "full-time attendance as a student at an educational institution," under section 202(d) (1) (B) (8) (B) of the 1965 Social Security Amendments.[8] The court was persuaded that the regulation, which defined such full-time attendance as 20 hours or more per week, was contrary to the remedial aim of the statute and to its broad definitions and purposes, insofar as it served to bar the claim of a student who attended school for 16½ hours per week. The court in *Haberman* held that the plaintiff came within the class of persons intended to be covered by the Act and that the regulation promulgated by the Secretary defeated the legislative purpose.

Accordingly, the defendant's motion for summary judgment is granted, and plaintiff's motion is denied.

---

5. McCaffrey, Statutory Construction 125 (1953) ; *see, e. g.*, New York Central R. R. v. United States, 267 F.Supp. 619 (S. D.N.Y.1967).

6. Nott v. Folsom, 161 F.Supp. 905, 907 (S. D.N.Y.1958), aff'd. 272 F.2d 380 (2d Cir. 1959). *Cf.* Ruderman v. Flemming, 104 U.S.App.D.C. 255, 261 F.2d 373, 374–375 (D.C. Cir. 1958) ; Coy v. Folsom, 228 F.2d 276, 278–279 (3d Cir. 1955) ; Ewing v. Risher, 176 F.2d 641, 644 (10th Cir. 1949) ; Pearson v. Gardner, 267 F.Supp.

498, 504 (W.D.Ark.1967) ; King v. Secretary of Health, Education and Welfare, 224 F.Supp. 846, 848 (E.D.N.Y.), aff'd (per curiam), 337 F.2d 859 (2d Cir. 1964) ; Sadowitz v. Celebrezze, 226 F. Supp. 430, 433 (E.D.N.Y.1964) ; Kurz v. Celebrezze, 225 F.Supp. 528, 529–530 (E. D.N.Y.1963) ; Leeson v. Celebrezze, 225 F.Supp. 527, 528 (E.D.N.Y.1963).

7. 418 F.2d 664 (2d Cir. 1969).

8. *Id.* at 666. Pub.L. 89–97, 79 Stat. 286.