John A. JOBST, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of Department of Health, Education and Welfare, Defendant.

No. 20495–1.

United States District Court,
W. D. Missouri, W. D.

Jan. 14, 1974.

J. D. Riffel, Legal Aid and Defender Society, Kansas City, Mo., for plaintiff.

Bert C. Hurn, U. S. Dist. Atty., Sheryle Randol, Asst. U. S. Dist. Atty., Caroline McB. French, Deputy Regional Atty., Dept. of H. E. & W. Region VII, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

### I.

This case involves a challenge to a provision of the Social Security Act, 42 U.S.C. § 402(d), which, in effect, provides for child's insurance benefits for a child who marries a person who is eligible for Social Security benefits but discontinues child's insurance benefits for a child who marries a person who is ineligible to receive Social Security benefits.

Plaintiff contends that that provision, which forced the termination of his child's insurance benefits, is unconstitutional in that it denies him equal protection of the laws in violation of the Due Process clause of the Fifth Amendment. He prays for reinstatement of his child's insurance benefits, invoking the Court's jurisdiction under 42 U.S.C. § 405(g); a judgment declaring 42 U.S.C. § 402(d)(1)(D) unconstitutional; and a permanent injunction restraining defendant from enforcing 42 U.S.C. § 402(d)(1)(D). We find and conclude that plaintiff is entitled to relief for reasons we shall state in detail.

### II.

On November 28, 1956, John A. Jobst, pursuant to 42 U.S.C. § 402(d), filed an application for child's insurance benefits based on the earnings record of his father. The Social Security Administration found that plaintiff had been disabled since birth because of cerebral palsy and awarded him benefits to commence January, 1957 (Tr. 61). In October, 1970, plaintiff advised the Social Security Administration that he had married Sandra Lee, who also has cerebral palsy and is permanently and totally disabled. (Tr. 36). Sandra Lee receives assistance from the Division of Welfare of the State of Missouri but does not receive Social Security benefits (Tr. 36, 37).

On November 11, 1970, plaintiff was advised that his benefits would be terminated as of October, 1970, because of his marriage (Tr. 63). That termination was based upon the provisions of 42 U.S.C. §§ 402(d)(1) and (5), which provide for the termination of benefits to a disabled child beneficiary upon the beneficiary's marriage unless the beneficiary's spouse is also entitled to Social Security benefits.

Plaintiff requested a hearing, which was held in Kansas City, Missouri, on September 7, 1971 (Tr. 32, 33–45). The hearing examiner reversed the initial termination by the Administration and reinstated plaintiff's benefits for the following reason:

> Termination on the basis of marriage is arbitrary and without any rational basis, and therefore, violates the equal protection and due process clauses of the Constitution. Therefore, the claimant is entitled to continue drawing child's insurance benefits (disability). [Tr. 27].

The Appeals Council reviewed the hearing examiner's decision on its own motion. On June 22, 1972, the Council reversed the hearing examiner's ruling, concluding that a "quasi-judicial federal administrative agency" has no authority to consider the Constitution of the United States when it administers the Social Security Act. (Tr. 7). The Appeals Council further determined that it would not ask for recovery of the over payments resulting from the hearing examiner's decision.

On August 18, 1972, plaintiff filed this action. The case was initially complicated by plaintiff's insistence that this case was one in which a three-judge court must be convened pursuant to 28 U.S.C. §§ 2242 and 2284. On May 11, 1973, we entered our memorandum and order denying plaintiff's application for the convening of a three-judge court. The case now pends on cross-motions for summary judgment.

■ We find and conclude that 42 U.S.C. § 402(d)(1)(D) as modified by 42 U.S.C. § 402(d)(5) and as applied by the Secretary to plaintiff is unconstitutional and that, therefore, the decision of the Appeals Council must be reversed.

### III.

The statutory scheme relevant to the question presented provides in material part:

Title 42, Section 402, United States Code:

(d)(1) Every child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—

(A) has filed application for child's insurance benefits,

(B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time student and had not attained the age of 22, or (ii) is under a disability (as defined in section 423(d) of this title) which began before he attained the age of 22, and

(C) was dependent upon such individual—

(i) if such individual is living, at the time such application was filed,

(ii) if such individual has died, at the time of such death, or

(iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits, or (if he has died) until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits,

shall be entitled to a child's insurance benefit for each month, beginning with the first month after August 1950 in which such child becomes so entitled to such insurance benefits and ending with the month preceding whichever of the following first occurs—

(D) the month in which such child dies or marries.

\*   \*   \*   \*   \*   \*

(5) In the case of a child who has attained the age of eighteen and who marries—

(A) an individual entitled to benefits under subsection (a), (b), (e), (f), (g), or (h) of this section or under section 423(a) of this title, or

(B) another individual who has attained the age of eighteen and is entitled to benefits under this subsection,

such child's entitlement to benefits under this subsection shall, notwithstanding the provisions of paragraph (1) . . . not be terminated by reason of such marriage . . .

The question presented is whether the Social Security Act's different treatment of various classes of child's insurance beneficiaries who marry violates the standards of the equal protection of the law embodied in the Due Process Clause of the Fifth Amendment. Other issues raised by the defendant in its brief, apparently in defense of what it thought would be argued by plaintiff, have not been raised by plaintiff and, therefore, there is no need to discuss them further.

It is indisputable that while the Fifth Amendment contains no specific equal protection clause, equal protection standards have been found to be present in the due process clause of the Fifth Amendment if the federal statute manifested a "patently arbitrary classification, utterly lacking in rational justification." Fleming v. Nestor, 363 U.S.

603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960); Bolling v. Sharpe, 347 U. S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

It is equally clear that the Social Security Act is subject to scrutiny under standards of equal protection. The United States Supreme Court in Richardson v. Belcher, 404 U.S. 78, 92 S. Ct. 254, 30 L.Ed.2d 231 (1971), citing with approval its earlier decision in Fleming v. Nestor, *supra*, stated:

> We have held that "[t]he interest of a covered employee under the [Social Security] Act is of sufficient substance to fall within the protection from arbitrary governmental action afforded by the Due Process Clause." [404 U.S. at 81, 92 S.Ct. at 257].

Plaintiff argues that a strict equal protection standard should be applied in this case. He urges that the right to marry the person of one's choice is a fundamental right, citing Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L. Ed.2d 1010 (1969), and Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L. Ed. 1042 (1923). He then relies upon Shapiro v. Thompson, 394 U.S. 618, 634, 89 S.Ct. 1322, 1331, 22 L.Ed.2d 600 (1969), for the proposition that "any classification which serves to penalize the exercise of a constitutional right, unless shown to be necessary to promote a compelling governmental interest, is unconstitutional."

We maintain serious doubt whether plaintiff's strict standard argument may be said to be tenable in light of Dandridge v. Williams, 397 U.S. 471, 90 S. Ct. 1153, 25 L.Ed.2d 491 (1970), and San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1972). Plaintiff attempts to build upon language in *Loving* and *Meyer*, which attests to the importance of marriage, to create a new constitutional right. In *Rodriguez*, however, the Supreme Court stated:

> It is not the province of this Court to create substantive constitutional rights in the name of guaranteeing

equal protection of the laws. [411 U. S. at 33, 93 S.Ct. at 1297].

We need not reach the strict standard question, however, for we find and conclude that the classification in question is not "rationally based and free from invidious discrimination" [Dandridge v. Williams, 397 U.S. at 487, 90 S.Ct. at 1162].

Defendant, at page 2 of its Supplemental Memorandum of Law, cites what it argues was the motive of Congress in drawing the classification of 42 U.S.C. § 402(d)(1)(D) and § 402(d)(5):

> The general rule providing that a married child applicant does not qualify for benefits and that a subsequent marriage will terminate entitlement is based on the general proposition that a married individual becomes the dependent of a spouse able to provide support. Herzberg v. Finch, 321 F. Supp. 1367 (S.D.N.Y.1971). Accordingly, such beneficiary had no need of the benefits previously received; thus, such benefits could be terminated. It is submitted that there is a rational basis for Congress to make an exception to this rule in the case of a beneficiary receiving benefits on the wage record of another individual at the time of marriage who marries another beneficiary who is also receiving benefits on the wage record of another individual at the time of marriage, because it is unlikely that either of these beneficiaries would have any source of support other than their benefits. Thus Congress could assume—and it would be consistent with the Act—that those beneficiaries would not have a new source of support and would have need of their benefits, and could rationally make an exception to the rule in their case.

No Congressional history of the section of the Act in question is cited by either party, but assuming that this statement of Congressional intent is correct we may accept defendant's argument that such a purpose could be said to constitute a rational basis for the decision of Congress to discontinue bene-

fits to those child's insurance beneficiaries who marry individuals who are able to provide a source of support to the beneficiary other than his benefits.

To say that Congress could have enacted a constitutionally valid statute is not to say that it did so. We find and conclude that Congress did not draw 42 U.S.C. § 402(d)(1)(D) and § 402(d)(5) in a manner so that the result of the application of those provisions in this case is consistent with what may have been an effort to establish a rational classification. We recognize, of course, that a classification may not properly be held to violate equal protection principles because it "is not made with mathematical nicety, or because in practice it results in some inequality." (Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911)), or "because [it] may be unwise, improvident, or out of harmony with a particular school of thought" (Williamson v. Lee Optical Co., 348 U.S. 483, 488, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955)). We must recognize, however, that legislation must be drawn so that the distinctions made have "some relevance to the purpose for which the classification is made." Baxstrom v. Herold, 383 U.S. 107, 111, 86 S.Ct. 760, 763, 15 L.Ed.2d 620 (1966).

The statute in question provides for the termination of the benefits of all child's insurance beneficiaries who marry persons who do not likewise receive child's benefits, regardless of whether they have a source of support other than their benefits. The obvious effect of the statute is to create a distinction between beneficiaries who marry disabled persons who do receive benefits and beneficiaries who marry disabled persons who do not receive benefits. The benefits of the former class of beneficiaries must be terminated; those of the latter class may not.

No rational basis for such a distinction has been suggested nor, we conclude, does one exist. The distinction between the two classes of beneficiaries has absolutely no relevance to the purpose for which the general classifications in the statute were drawn. Indeed, the statutory distinctions are antithetical to that purpose; they result in situations similar to the one here, in which benefits are denied to a beneficiary who marries a person who can not provide a source of support to the beneficiary.

## IV.

The Secretary attempts to sustain the constitutionality of the statute as applied in this case by arguing that the principal classification intended by Congress—between beneficiaries who marry persons who are entitled to benefits and those who marry persons not entitled to benefits—which is intended to provide benefits only to those who marry persons not able to provide support, is not arbitrary and that, therefore, an unusual application of the statute, which results in an obviously unintended and unfair result, does not render it unconstitutional. Defendant ignores the fact, however, that the statutory language creates a distinction other than the one which is based upon a rational basis; that is, beneficiaries who marry disabled persons who do receive child's benefits and beneficiaries who marry disabled persons who do not receive child's benefits.

In Stanley v. Secretary of Health, Education and Welfare, 356 F.Supp. 793 (W.D.Mo.1973), the statute involved provided for child's insurance benefits for children who are adopted after a parent becomes entitled to old-age benefits if the child is a natural child or stepchild, but not if the child bears no such relationship to the parent unless the following requirements are met: (1) the child was legally adopted before the end of the twenty-fourth month following the month in which the parent became entitled to old-age benefits; (2) the child had been receiving at least one-half of his support from the parent for the year before the parent filed application for insurance benefits; and

(3) the adoption proceedings were started in the month or before the month that the parent filed application for old-age benefits or the child was living with the parent in that month. Chief Judge Becker recognized that the distinction was drawn "with the purpose of preventing abuse of the Social Security Act by people who would otherwise adopt children solely to qualify them for benefits" [356 F.Supp. at 802].

In this case, however, the adopted parent was the child's grandfather in whose care the child had been placed by the natural parents. The child was not the natural child or stepchild of the adopted parent though, and he did not meet the alternative requirements for benefits. Judge Becker concluded that the statute, as applied in that case, violated equal protection principles:

> In the case at bar there is no permissible rational distinction between a natural son who may be illegitimate and a stepson who may not even be a blood relation on one hand and an adopted grandchild on the other hand. This is an arbitrary classification inconsistent with the purpose of the Social Security Act and a violation of the equal protection standards of the due process clause of the Fifth Amendment [356 F.Supp. at 805]

In *Stanley*, as in this case, there may have been a rational basis for the distinction created on the face of the statute. The statute operated, however, to create another distinction which was arbitrary and unrelated to the purpose of the statute.

The cases cited by defendant in support of his position that the statute in question is constitutional do not stand for that proposition. Neither Herzberg v. Finch, 321 F.Supp. 1367 (S.D.N.Y. 1971) nor Judkins v. Richardson, Civil No. 72–62 (D.Or.1972), dealt with the question of the constitutionality of § 402 (d)(1)(D) and § 402(d)(5). In both cases the courts were asked to effectuate the intent of Congress and interpret the statute to permit continuation of child's insurance benefits to persons in the position of plaintiff in this case. In both cases the courts refused to interpret the plain language of the statute, but they did not pass on the constitutionality of the statute as applied in those cases and this case. The question apparently was neither presented nor argued; certainly it was not ruled.

We therefore find and conclude that 42 U.S.C. § 402(d)(1)(D) and § 402 (d)(5) are violative of principles of equal protection as incorporated in the Fifth Amendment to the Constitution as applied to a beneficiary who marries a totally disabled person who does not likewise receive child's insurance benefits.

For the reasons stated, it is

Ordered (1) that 42 U.S.C. § 402(d)(1)(D) and § 402(d)(5) as applied to child's insurance beneficiaries who marry totally disabled persons who do not receive child's insurance benefits are hereby declared unconstitutional. It is further

Ordered (2) that the motion of the defendant Secretary of Health, Education and Welfare for summary judgment should be and the same is hereby denied. It is further

Ordered (3) that the decision of the Secretary should be and the same is hereby reversed. It is further

Ordered (4) that plaintiff's motion for summary judgment should be and the same is hereby granted and that this case should be and the same is hereby remanded for the sole purpose and with the express direction that plaintiff's claim be allowed.