Emanuel HOLLMAN, Plaintiff,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Defendant.

No. 78 Civ. 1155(MP).

United States District Court,
S. D. New York.

Aug. 25, 1981.

Kathleen L. Coles, New York City, for plaintiff.

John S. Martin, Jr., U. S. Atty., S. D. New York by Barbara L. Schulman, Asst. U. S. Atty., New York City, for defendant.

OPINION

MILTON POLLACK, District Judge.

Mr. Hollman seeks to have his Social Security benefits recalculated to reflect additional self-employment earnings for the years 1952 through 1955. The Secretary has denied his request on the ground that the time limitation for amendment of earnings records as set forth in Section 205(c) of the Social Security Act, 42 U.S.C. § 405(c), has run. Mr. Hollman contends that the limitation period was tolled (1) by his mental incompetency during the period and (2) by his signing of IRS consent forms prior to the expiration of the limitation period extending the IRS's time to make assessments and collect deficiencies for the taxable year 1953.

In an opinion by the Court dated November 13, 1980, *Hollman v. Department of Health and Human Services*, 501 F.Supp. 255 (S.D.N.Y.1980), the claim based on mental incompetency was denied. With respect to the claim based on the signing of IRS consent forms, the Court remanded for reconsideration by the Secretary having held that the signing of the consent forms prior to expiration of the limitation period equitably tolled the running of the period. Jurisdiction was continued.

On remand, the Secretary, through a decision of the Appeals Council, expressed the Department's view that the signing of IRS consent forms does not affect the limitation period of the Social Security Act.

Although an extension by the Internal Revenue Service of its time limitation permits a self-employed person to furnish more data for the period at issue for tax purposes, such an extension does not change the effect of the Social Security Administration's time limitation of three years, three months, and fifteen days.

It cited a ruling to this effect, SSR 65–42c.

Upon reconsideration, and in light of the Secretary's interpretation of the application of the relevant statutory provision, this Court hereby holds that the signing of a consent form with the IRS does not fall within the statutory exceptions to the time limitation period of § 405(c) and does not toll the running of the period. Mr. Hollman's request for reconsideration of the decision with respect to mental incompetency is granted and, upon reconsideration, the decision of the Secretary is in all respects affirmed. Judgment shall be entered for defendant dismissing the complaint. No costs.

SO ORDERED.