George A. **SCHMIEDIGEN**, Conservator for Elizabeth A. Barranger, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 1205–64.

United States District Court
District of Columbia.

Oct. 5, 1965.

George A. Schmiedigen, in pro. per.

John C. Conliff, Jr., U. S. Atty., and Robert B. Norris, Asst. U. S. Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The question presented in this case is whether the surviving spouse of a person covered by the Old Age Insurance provisions of the Social Security Act is entitled to the lump sum payment provided thereby on the death of the insured spouse if due to mental incompetency of the claimant, the two were not living in the same household at the time of the death.

This action is brought against the Secretary of Health, Education and Welfare, to review and set aside his decision denying the claim of a widow for a lump sum payment upon her husband's death, on the ground that the couple were not living in the same household at the time of his death. The suit is brought by her Conservator. The matter is before the Court at this time on cross-motions for summary judgment.

The salient facts are as follows. Elizabeth A. Barranger and John E. Barranger were husband and wife, living together in the same household until December 16, 1958 when the wife was committed to a mental institution. The husband died on December 3, 1960. From the time of the commitment until her husband's death, the wife continued to be and still is a patient in a mental hospital. On two occasions prior to her husband's death, she left without permission, but was later returned to the institution. While there is some conflict in the testimony as to how often the husband visited his wife while she was in the hospital, it is undisputed that he called to see her on several occasions and continued to be in contact with her. The husband was insured under the Old Age Insurance provisions of the Social Security Act.

The pertinent provisions of the statute relating to old-age insurance, accord various benefits to an insured person and other beneficiaries, including certain lump sum payments at death. Section 402(i) of Title 42 of U. S. Code provides that upon the death "of an individual who died a fully or currently insured individual, an amount equal to three times such individual's primary insurance amount, or an amount equal to $255, whichever is the smaller, shall be paid in a lump sum to the person, if any, deter-

mined by the Secretary to be the widow or widower of the deceased and to have been living in the same household with the deceased at the time of death." The problem presented in the case at bar is the construction and application of the clause, "to have been living in the same household with the deceased at the time of death."

In dealing with Old Age Insurance provisions of the Social Security Act, it must be borne in mind that the payments prescribed ·by them are not gratuities or matters of grace; they are not public assistance; they are not welfare payments. On the contrary, the law created a contributory insurance system, under which what in effect constitute premiums are shared by employees and employers. Consequently, in spirit at least, if not strictly and technically, the employee, who throughout his working life has contributed part of the premiums in the form of deductions from his wages or salary, should be deemed to have a vested right to the payments prescribed by the statutory scheme, which in effect comprises the terms of his insurance policy. He has earned the benefits; he is not receiving a gift. One of the proceeds of the insurance is the modest payment due to the surviving spouse upon the death of an insured individual. If that payment is not made, the money lapses into the Treasury. It would seem fair and equitable, therefore, to place a liberal and broad construction upon these provisions of law, in order to prevent such a frustrating and unjust result.

The Social Security Act, especially its insurance provisions, was a far-reaching, epoch-making, beneficent enactment. As a remedial statute, it should receive a liberal construction, rather than a narrow interpretation. In this instance the husband and wife were living in the same household up to the day when she was committed to a mental hospital. A person mentally incompetent is not responsible for his or her acts. Consequently by necessary and inescapable implication, an exception should be read into the law for individuals who through mental illness are bereft of responsibility for their actions.

It is a well established principle of statutory construction that every legislative enactment must receive a sensible and reasonable construction that would effectuate its purposes. If a strict, literal interpretation would frustrate the objective of the legislative body and would lead to an absurd or futile result, it must be avoided. Necessary or obvious exceptions may be implied in statutory provisions in order to attain the desired end, on the theory that to do so would be carrying out the intention of the legislative body. United States v. Kirby, 7 Wall. 482, 19 L.Ed. 278; Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226; United States v. American Trucking Ass'ns, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345. This doctrine has been eloquently enunciated in the higher law by the admonition that, "The letter killeth, but the spirit giveth life".

In the light of this discussion, the Court concludes that an exception for mentally incompetent persons must be carved out of the requirement that in order to be entitled to the lump sum death payment, the insured person and the surviving spouse must have been living in the same household at the time of death. A similar course was followed in the Kirby and Holy Trinity Church cases, supra.

Counsel for the Government relied on some administrative regulations approved by the Secretary. One of them defines the phrase "living in the same household", Code of Federal Regulations, Title 20, Section 404.1112. This regulation is to the effect that a temporary absence of one's spouse from their principal place of abode does not preclude a finding that they were living in the same household. It proceeds then to define absences of certain types as being temporary. Counsel for the Government points to the fact that this case does not come within the scope of any of the enumerated definitions. They should not be deemed exclusive or exhaustive. The ac-

828

tions of a mentally incompetent person, who is not responsible for his or her acts, must be by necessary implication excepted from the statutory requirements.

The Court concludes, therefore, that the action of the Secretary denying the plaintiff's claim for death benefits should be set aside and the claim should be allowed.

The defendant's motion for summary judgment is denied, and the plaintiff's cross-motion for summary judgment is granted.