Arthur I. DONNELLY, by Davis A. Donnelly, his guardian, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.

No. 67–C–1 (S).

United States District Court
W. D. Wisconsin.

April 23, 1968.

Raymond C. Johnson, Davis A. Donnelly, Eau Claire, Wis., for plaintiff.

Edmund A. Nix, U. S. Atty., Madison, Wis., for defendant.

OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Plaintiff Arthur I. Donnelly had been awarded administratively certain Social Security disability insurance benefits for a period commencing December 7, 1963. He has commenced this action against

the Secretary for a judgment declaring that said benefits should be awarded for a period commencing October 29, 1958, and for an accounting and payment of all such benefits for the period from October 29, 1958, to December 7, 1963. The complaint alleges that the plaintiff became mentally disabled as of October 29, 1958, and that, by reason of this mental disability, he was incapable of filing an application for benefits.

The Secretary's answer embodies, as 42 U.S.C. § 405(g) permits, a copy of the transcript of the administrative record upon which the challenged decision of the Secretary is based. From said transcript it appears that on December 7, 1964, the plaintiff filed his application to establish a period of disability and disability insurance benefits (Tr. 39–42), and that by letter dated April 20, 1965, plaintiff was advised by the Commissioner of Social Security that his period of disability had begun March 31, 1962, and that the date of entitlement to disability insurance benefits was December, 1963 (Tr. 43). December, 1963 was one year prior to the month in which plaintiff's application for benefits was filed. Plaintiff requested reconsideration of the determination that his disability had commenced March 31, 1962, asserting April, 1957, as the correct date (Tr. 45). By letter dated September 10, 1965, the Chief of the Reconsideration Branch advised plaintiff that the March 31, 1962, date would be adhered to (Tr. 48–49). At plaintiff's request, a hearing was held November 17, 1965 (Tr. 26–38), and the examiner determined that the period of disability had commenced October 29, 1958, but that benefits were payable only from December, 1963 (Tr. 7–12). On July 12, 1966, the Appeals Council of the Social Security Administration affirmed the decision of the examiner, and declared that it stood as the final decision of the Secretary (Tr. 1).

The defendant Secretary has moved for summary judgment dismissing this action to review the Secretary's decision. The issue on the motion for summary judgment is whether the plaintiff is entitled to benefits for a period prior to December, 1963. 42 U.S.C. § 423(b) provides, in part:

"An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if he files such application before the end of the 12th month immediately succeeding such month."

Plaintiff contends that the 12-month rule with respect to filing an application should not govern a case in which one has been suffering for some time from a mental disorder rendering him incapable of filing an application. Plaintiff cites no statute nor regulation to support this contention, nor any judicial authority other than Schmiedigen v. Celebrezze, 245 F.Supp. 825 (D.D.C. 1965).

*Schmiedigen* involved the question whether a wife, who had been committed to a mental institution two years prior to her husband's death and who remained there through the date of his death, was "living in the same household with the deceased at the time of death", and was, therefore, entitled to a lump sum Social Security payment upon his death. The court held that the Act should be construed liberally, that it was the wife's mental illness which prevented her from literally living in the same household with her husband, and that she should receive the lump sum benefit.

The term "living in the same household" is sufficiently ambiguous to have permitted the court to adopt a liberal construction which it considered necessary to doing justice to the surviving widow. Here the term "if he files such application before the end of the 12th month immediately succeeding such month" allows no room for construction. The court is asked, instead, simply to ignore the requirement in the case of a mentally ill person. I do not consider myself free to improvise in this manner

when dealing with a statutory scheme. I am comforted in this position by the knowledge that there is no dispute with respect to current benefits for this plaintiff, nor with respect to retroactive benefits to December, 1963.

The defendant's motion is hereby granted. Judgment dismissing this action on its merits will be entered herein.