**Sylvia HABERMAN, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Appellee.**

**No. 134, Docket 33855.**

United States Court of Appeals Second Circuit.

Argued Oct. 7, 1969.

Decided Oct. 28, 1969.

Martin I. Kaminsky. Wachtell, Manheim & Grouf, New York City, for appellant.

David L. Katsky, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, Alan B. Morrison, Asst. U. S. Atty., on the brief), for appellee.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

To decide plaintiff Sylvia Haberman's claim for student benefits for her daughter Ellen under section 202(d) (1) (B) (i) of the Social Security Act, 42 U.S.C. § 402(d) (1) (B) (i), we must determine only whether Ellen was a "full-time student" as that term is used in the Act.

The essential facts are stipulated, and may be stated briefly. After graduation from Junior High School at the age of 14, Ellen was forced to discontinue her studies because of a serious illness. She was 17 before she was able to resume her studies again. When she applied for admission in 1964 to public and private schools in the New York City area, where she resided, she was told that she was too old to enroll, and not acceptable as a "full-time" high school day student. She was able to enroll in an intensive course at the Rhodes School, a private school, attending 16½ hours of class a week, as an evening high school student. No school in the area offered her any more classroom hours. The parties stipulated further, that the class load was equivalent

to that of full-time day instruction, and indeed, Ellen by intensive study was able to complete high school in only 2½ years. Her course of study resulted in her receiving the same college preparatory New York State Regents Diploma as any day time high school student receives after four years of study. Ellen is presently a full time college student.

In 1966, while she was attending school, her father, a fully insured member of the Social Security System, died. The 1965 Social Security Amendments, Pub.L. 89–97, 79 Stat. 286, §§ 306, 409 amended sections 202(d) (1) (B) (7), (8), 406(a) (2) (B), 42 U.S.C. §§ 402(d) (1) (B) (7), (8), 606(a) (2) (B), to provide that dependent children who were deprived of parental support could receive Social Security benefits up to the age of 22, instead of age 18, as had previously been the case, so long as the child was a "full-time student." Amended section 202(d) (1) (B) (8) (B) defined "full-time student" as

> " * * * an individual who is in full-time attendance as a student at an educational institution, as determined by the Secretary (in accordance with regulations prescribed by him) in the light of the standards and practices of the institutions involved * * *."

There is no dispute that Rhodes is an educational institution, fully accredited by the State of New York, for the purposes of the Act. Nor is there any dispute that Rhodes considered Ellen's course equivalent to its full-time day program. Nor does the Department disagree with Ellen's claim that the 16½ hours Rhodes offered her was as full a course as she could obtain anywhere in her area. At stake is the regulation promulgated under the authority of section 202(d), codified as 20 C.F.R. § 404.-320(c) (2), which provides in pertinent part:

> "(2) *Full-time attendance.* Ordinarily, a student is in 'full-time attendance' at an educational institution if he is enrolled in a noncorrespondence course and is carrying a subject load

which is considered full-time for day students under the institution's standards and practices. However, a student will not be considered in 'full-time attendance' * * * (ii) if he is enrolled in any other educational institution and * * * his scheduled attendance is at the rate of less than 20 hours a week."

Despite the terms of the regulation, Ellen's mother applied for student benefits to the Social Security Administration. This was refused on June 15, 1966. After failing again on reconsideration, a hearing was held at plaintiff's request. On February 15, 1967 the Examiner denied her application on the ground that Ellen had failed to satisfy the 20 hour requirement; the Appeals Council upheld the Examiner, making his decision final.

Plaintiff then brought suit for review under § 205(g), 42 U.S.C. § 405(g), in the U. S. District Court for the Southern District of New York. By orders entered January 23 and 24, 1969, Judge Ryan granted defendant's cross-motion for summary judgment and dismissed Mrs. Haberman's complaint. At the same time he denied the plaintiff's motion for summary judgment. While recognizing that the 1965 amendment requires liberal construction, the judgment nonetheless upheld the validity of the regulation as applied to Ellen as "reasonable and fully consonant with the Congressional policy." 296 F.Supp. at 663. We disagree, and reverse.

It is a familiar maxim of statutory interpretation that courts should enforce a statute in such a manner that its overriding purpose will be achieved, even if the words used leave room for a contrary interpretation. See Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945); Cawley v. United States, 272 F.2d 443 (2d Cir. 1959). Here the broad remedial aim of the statute is captured not only in the words as enacted, but in the legislative history as well:

> "The committee believes it is now appropriate and desirable to provide

social security benefits for children between the ages of 18 and 22 who are full-time students and who have suffered a loss of parental support. * * * [P]roviding benefits up to age 22 would mean that for many children benefits could continue for the time it takes to complete a 4-year college course.

The term 'school' is defined broadly to permit payments to students taking vocational or academic courses. The definition of school is to establish that the institution the child attends is a bona fide school. It includes all public schools, colleges, and universities, as well as private, accredited institutions and private nonaccredited institutions whose credits are accepted by accredited institutions. In determining full-time attendance, the Secretary of Health, Education, and Welfare would take into account the standards and practices of the school involved. * * Benefits would be paid during normal school vacation periods as well as during the school year." S. Report No. 404, 89th Cong., 1st sess., reprinted in 1965 U.S.Code Cong. and Admin.News 1943 pp. 2036–37.

The books are replete with cases holding that the Social Security Act is a remedial statute, to be broadly construed and liberally applied. See, e. g., Conklin v. Celebrezze, 319 F.2d 569 (7th Cir. 1963); Collins v. Celebrezze, 250 F.Supp. 37, 42–43 (S.D.N.Y.1966). Schmiedigen v. Celebrezze, 245 F.Supp. 825 (D.D.C. 1965) is illustrative rather than exceptional. There the Secretary denied a lump sum death benefit to a woman who was confined to a mental hospital when her husband died, because she was not living "in the household" at the time of the wage-earner's death. The court reversed, noting that obvious exceptions must be read into the statute when to do so is necessary to effectuate its purpose. Judge Holtzoff also pointed out that while the Act does not create vested rights, the System is a contributory one, in which claimants (or their beneficiaries) are not to be treated as recipients of gratuities, but as insured wage earners, entitled to no less than a "liberal and broad construction" will allow. 245 F. Supp. at 827.

Here there seems to be no question that Ellen is within the class of persons sought to be covered; her father, an insured member of the Social Security System, died, she suffered "a loss of parental support," she has diligently pursued her studies, and she has done her level best to comply with the regulations.

The Department makes the familiar "flood of litigants" argument and urges us to recognize that our action will cause far more administrative inconvenience than the benefits conferred would warrant. We believe, however, that the Department has made no showing that its claim has merit. Ellen should fall within a rather limited class, since the opinion below (and appellee's brief) indicate that few states recognize schools offering less than 20 class hours a week. In addition, the internal appellate procedure that the System has set up, and which originally processed Ellen's claim, should be capable of distinguishing the meritorious from the frivolous without undue strain. At least where a claimant has taken the maximum number of hours available in any accredited school and meets the other conditions of Ellen's case, there should be little question of her right to receive student benefits, under a limited exception to the Department's 20 hour rule, in keeping with the statute and the legislative history. Finally, it should not be overlooked that this statute, more than most, was intended to aid beneficiaries rather than ease the lot of administrators.

Reversed with direction to grant plaintiff's motion for summary judgment.