Florence GEORGE, a widow, Plaintiff-
Appellee,

v.

Elliot L. RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant-Appellant.

No. 72–1748

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 28, 1972.

Robert W. Rust, U. S. Atty., Clemens Hagglund, Asst. U. S. Atty., Miami, Fla., Carl H. Harper, Regional Atty., Eli Kaplan, Deputy Regional Atty., Dept. of Health, Educ. & Welfare, Atlanta, Ga., Harlington Wood, Jr., Acting Asst. Atty. Gen., Kathryn H. Baldwin, William D. Appler, Attys., Dept. of Justice, Washington, D. C., for defendant-appellant.

Charles K. George, Adams, George & Wood, Miami, Fla., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

The Secretary of Health, Education and Welfare denied Mrs. George a wage earner status which precluded her from qualifying for old age benefits under the Social Security Act, 42 U.S.C.A. § 401 et seq. The district court overturned the Secretary's determination. We reverse.

In order to qualify for old age insurance benefits at age 62, a woman must obtain at least one quarter of coverage between 1951 and the year in which she becomes 62. 42 U.S.C.A. § 414(a) (1) (A). A quarter is any three month period ending on March 31, June 30, September 30 or December 31 in which a claimant receives at least $50.00 in wages or $100.00 in self-employment income. 42 U.S.C.A. § 413(a) (2). Rentals from real estate are not considered self-employment income unless they are received in the course of a trade or business, such as a real estate dealer. 42 U. S.C.A. § 411(a) (1).

Mrs. George owned an apartment building and received rentals from 1951 to 1965 that did not qualify as self-employment income. In December 1965 Mrs. George's children bought the apartment building from her for $20.00, although the purchase price was never paid. The vendee son and daughter then formed a limited partnership and entered into an employment agreement with their mother who agreed to manage the building, collect the rents and pay the obligations in return for her rent and an amount equal to the net profit from the operation of the building. This relationship continued until January 1970 when the partnership transferred the building back to the mother who then sold it to a third party.

The hearing examiner found that Mrs. George formally relinquished owner-ship but received nothing in return and continued to receive the net profit from the building in the same manner as she had prior to the sale. The son, an attorney, testified that he gave his mother advice and had the right to control and direct his maternal employee, including the right of dismissal. The examiner refused to accept this explanation and concluded that any advice the son gave was because of the close family relationship and not because of the existence of a bona fide employer-employee relationship.

The district court reversed the examiner's findings adopted by the Secretary on the grounds that all of the transactions were valid under state law and the examiner was bound to recognize them absent any contradictory testimony or evidence that they were merely a sham. Furthermore, the court held that there was nothing to refute the son's testimony that he had the right of control.

■ Based upon the testimony proffered by Mrs. George and her son, we find substantial evidence to support the hearing examiner's conclusion that a bona fide employer-employee relationship did not exist under the Social Security Act.

■ The fact that all of the transactions may have been legal according to state law does not compel a finding that they established an employer-employee relationship under the Social Security Act. Skalet v. Finch, 6 Cir. 1970, 431 F.2d 452, 455.

The judgment of the district court is reversed and the case is remanded to the trial court with directions to enter a judgment for the Secretary.

Reversed and remanded with directions.