**Florence WILLIAMS, Plaintiff,**

v.

**David MATHEWS, Secretary of Health, Education, and Welfare, Defendant.**

No. 75 Civ. 620.

United States District Court, S. D. New York.

Nov. 26, 1976.

Plunkett, Wetzel & Jaffe, New York City, for plaintiff; Michael R. Treanor, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant; Walter S. Mack, Jr., Asst. U. S. Atty., New York City, Borge Varmer, Regional Atty., Region II, Dept. of H. E. W., New York City, of counsel.

FRANKEL, District Judge.

Finding there was not an employer-employee relationship between plaintiff and the cousin with whom she lived for many years (and for whom she was allegedly a domestic employee for some of those years), and thus that plaintiff did not receive covered "wages" during the times in question, the defendant Secretary has denied plaintiff's claim for retirement insurance benefits under 42 U.S.C. § 402(a). Plaintiff brings this action under 42 U.S.C. § 405(g) for reversal of that denial. Defendant moves for judgment on the pleadings.

■ Cases like this appeal powerfully. The courts see only instances where the agency has denied coverage, not the hundreds of thousands in which applications are granted, whether routinely or after questions have been raised and resolved. The claimants are in circumstances that evoke prompt sympathy, seeking modest benefits to assist them in old age, ill health, and other conditions of elemental and universal concern. Despite such factors—or, perhaps more aptly, because of them—it is important to keep in view the limited judicial role in these cases. The main task and responsibility is administrative. The agency's judgment, whether or not the court would have made it, is to be sustained unless it results from legal error or lacks substantial evidence to support its factual premises. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Gold v. Secretary of Health, Education & Welfare,* 463 F.2d 38, 41 (2d Cir. 1972).

Having regard for the familiar principles, the court could agree with the Government that the record contains substantial evidence for the Secretary's decision. The employment upon which plaintiff's asserted coverage is rested is a familiar kind of ambiguous relationship—domestic service for a relative where "employer" and "employee" are relatives living together in a shared dwelling. The plaintiff, Florence Williams, was sole owner of the house and adjoining property from 1946. Dr. Brokaw, who was to become her claimed employer, was a somewhat distant cousin who came to live with her in late 1947. Plaintiff was then seriously ill and unable either to work or to maintain the property by herself. For a while, the two women shared expenses. Then, when plaintiff's resources were exhausted, Dr. Brokaw bought a half-interest in the property from plaintiff, the terms and other details of the purchase being left somewhat cloudy in the record. The doctor also agreed at that time to pay all the expenses of maintaining the property, including taxes and the cost of utilities. The domestic work was done for many years by hired people, paid by Dr. Brokaw. Dr. Brokaw, who comes across in the record as a testy, defiant, and righteous lady, refrained from paying Social Security taxes on at least one such genuine "employee" because the employee "didn't want it  *  *  *." [1] Viewing this casual disregard of the law and other aspects of her testimony, the Administrative Law Judge was scarcely required to find Dr. Brokaw a credible witness for the critical facts she purported to supply.

In 1967, when plaintiff was already some 59 years old, the incumbent domestic employee left and plaintiff took over the bulk of the housework. It is at this point, according to her claim, that her status was

---

1. Transcript of Administrative Proceedings (Tr.) 44.

transformed and she became Dr. Brokaw's employee. The doctor determined the wage, which began at $250 and rose over time to $350 per month. Social Security payments were duly made by Dr. Brokaw, and were recorded by the defendant agency. Pressed for evidence of the wage payments, Dr. Brokaw produced five cancelled checks for 1973, and indicated that records for prior years, if they existed at all, were "filed way back of the attic."[2] The Administrative Law Judge did not press further on this subject.

To repeat, there are substantial grounds in the record for rejection of plaintiff's claim. It was for the trier of the facts, not this court, to judge credibility, and there were in this aspect obvious factors adverse to plaintiff and her cousin. The alleged employment situation is on its face a dubious one. Cf. *George v. Richardson*, 463 F.2d 1139 (5th Cir. 1972); *Sabbagha v. Celebrezze*, 345 F.2d 509 (4th Cir. 1965); *Stevenson v. Flemming*, 200 F.Supp. 705 (S.D.N.Y. 1960), *aff'd sub nom. Stevenson v. Ribicoff*, 297 F.2d 811 (2d Cir. 1961). The vagueness of the evidence on key facts and the sketchiness of the records added to the items supportive of the Secretary's decision.

■ The court's mandate, however, requires more than an enumeration of materials supporting the administrative decision. "The substantiality of evidence" must survive scrutiny of the whole record, and "must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. Labor Board*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). When this fuller test is applied, the decision in question cannot be sustained.

There are elements in the record that detract seriously from the agency's determination. It is evident, first off, even on the cold record, that the Administrative Law Judge approached the case from a stance of hostile skepticism toward plaintiff's claim. Grilling Dr. Brokaw, he asked unbelieving, and sometimes misconceived, questions about her tax and Social Security obligations respecting other domestic employees.

He put ambiguous, argumentative, legally conclusory, and potentially confusing questions about her "relationship" with plaintiff. Having before him a written "Report of Contact" which said Dr. Brokaw had bought half the property from plaintiff "for $1.00"—a purported account not explained or subject to cross-examination—he asked the doctor whether that had indeed been the purchase price. After she said no, that she had paid half of what plaintiff had paid for the house, he made no effort to pursue the matter further with plaintiff. But he said in his decision that there was a conflict on this in that plaintiff "had previously stated in an interview that she had sold part of her home to this doctor for the sum of $1.00." The mental fix that blocked out the essential improbability of any such "sale" does not bespeak entire detachment.

■ The Judge's disposition toward incredulity also assumed the form of an erroneous position on the law. He announced that evidence "to establish * * * a valid employer-employee relationship * * * must be clear and convincing." No authority was cited for that rule, and the court, having inquired of counsel, has been referred to none. The purported rule is rejected. Given the nature of the subject matter, including the hospitable spirit with which claims like plaintiff's are to be judged, see, e. g., *Adams v. Weinberger*, 521 F.2d 656, 659 (2d Cir. 1975); *Haberman v. Finch*, 418 F.2d 664, 667 (2d Cir. 1969), there is no justification for the heavy burden of proof imposed by the Administrative Law Judge. It is sufficient for this kind of claim, as for others, that the claimant discharge the usual burden of persuasion. See, e. g., *Kephart v. Richardson*, 505 F.2d 1085, 1089 (3d Cir. 1974); *Breeden v. Weinberger*, 493 F.2d 1002, 1005 (4th Cir. 1974).

■ The foregoing defects render the decision untenable as it stands. Since the case must be remanded, one other dubiety should be noted. Defendant's own records show Dr. Brokaw's reports of wages paid to plaintiff. The agency was scarcely "bound" or required to stop with those. According-

ly, the Administrative Law Judge proceeded with entire propriety when he pressed Dr. Brokaw for documentation, such as cancelled checks. When she produced only a few, he did not press the issue, then used the absence of further records as grounds for an inference adverse to plaintiff. This was a questionable resolution of the incident. If the existence or nonexistence of further records was to be a matter of consequence, the administrative power and ingenuity should be more effectively employed. The agency has subpoena power. See 42 U.S.C. § 405(d). It is not confined to the passive role of the traditional judicial tribunal. The Administrative Judge could have requested additional records from plaintiff's counsel or, if necessary, he could have subpoenaed them so that the question could be pursued to a definitive resolution. There was no reason to accept supinely the non-cooperation of Dr. Brokaw, the alleged employer (cousin or not), then invoke that as evidence injurious to the employee.

For the foregoing reasons, the Secretary's determination must be set aside. His motion for judgment on the pleadings is denied. The determination is vacated and the matter is remanded to the Secretary for further proceedings consistent with this opinion.

It is so ordered.