Austin WHITE, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 77–2267–CH.

United States District Court,
S. D. West Virginia,
Charleston Division.

May 23, 1979.

Franklin Kern, Charleston, W. Va., for plaintiff.

Robert B. King, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, which denied the plaintiff's application for a period of disability and disability insurance benefits under the Social Security Act, as amended. This matter is now before this Court on cross-motions for summary judgment and plaintiff's alternative motion for remand.

The plaintiff filed an application for a period of disability insurance benefits on June 26, 1975, alleging inability to work as of March 1, 1973, due to "hypertension, high blood pressure and a heart condition" (Tr. 83). The application was denied at every step of the administrative process and the Secretary's decision became final on June 3, 1977.

Upon a review of the record, the Court is of the opinion that remand is appropriate in this case. 20 C.F.R. § 404.958(a) states that there is "good cause" for reopening a decision where "[n]ew and material evidence is furnished after notice to the party to the initial determination." 42 U.S.C. § 405(g) empowers the Court to order remand where such is necessary.

The plaintiff, who has an eleventh-grade education, was found by the administrative law judge to be unable to return to his former type of employment as a truck driver or dock worker. It was, however, determined that he was capable of performing work of a lighter nature.

Subsequent to the administrative hearing but prior to the decision of the Appeals Council, additional medical information was submitted and such was considered only by the Council. This evidence consisted of reports from two physicians, R. R. Shah, M.D., and H. A. Jackson, M.D. In a letter dated January 24, 1977, Dr. Jackson stated that the plaintiff's blood pressure was quite high and that a variety of medications had had only minimal effect. In a letter dated February 10, 1977, Dr. Shah stated that the plaintiff's blood pressure on that date was $^{170}/_{110}$. He also stated that he felt part of the plaintiff's problem was due to anxiety and prescribed medication for that condition.

The plaintiff's initial motion for remand was accompanied by a letter from Dr. Robert J. McNamara, one of the plaintiff's treating physicians. In a letter dated October 5, 1977, Dr. McNamara opined that due to the plaintiff's hypertension, nervousness and emotional problems, the plaintiff ". . . is totally and completely disabled from gainful occupation."

The plaintiff's amended motion for remand is accompanied by a report from Dr. Hugh Jackson to the People's Life Insurance Company. In the report, dated November 27, 1978, Dr. Jackson noted that he had been treating the plaintiff for some two years and that, in his opinion, the plaintiff is totally and permanently disabled

from any occupation. Great deference must be paid to the opinions of treating physicians. *Martin v. Sec'y*, 492 F.2d 905 (4th Cir. 1974); *Hubbard v. Califano*, 582 F.2d 319 (4th Cir. 1978).

It would appear to the Court that with the newly submitted evidence the plaintiff has more than adequately met his burden of proof. However, since the Secretary has not yet considered this evidence, it is incumbent upon the Court to remand this case for the Secretary's reconsideration.

■ Two further points demand the Court's attention in this case. First, the plaintiff was unrepresented at the administrative hearing. While this omission alone would not constitute a basis for remand, in conjunction with other factors it may well warrant such action. *Gilkerson v. Califano*, C.A. # 76–0069–BK (S.D.W.Va.1979). The record shows that the administrative law judge noted a possibility of the plaintiff's suffering from some emotional problems but failed to investigate the relationship between those problems and the plaintiff's readily apparent physical ailments. While it was not raised by plaintiff on appeal, it appears to the Court that the administrative law judge's failure to fully develop the record in this case by not, after noting a possible psychiatric problem, investigating its implications would justify remand were there not another basis to do so. The absence of counsel at an administrative proceeding places the administrative law judge under a greater responsibility to fully develop the pertinent facts. *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2nd Cir. 1975); *Hess v. Sec'y of H. E. W.*, 497 F.2d 837, 840–41 (3rd Cir. 1974). Common sense dictates that this responsibility is heightened where a possible psychiatric problem is involved. The apparent failure of the Appeals Council to consider Dr. Shah's opinion as to the plaintiff's anxiety state merely compounds the earlier omission. Consequently, it appears to the Court that a psychiatric examination might be beneficial to the Secretary in his review of this case upon remand.

The second problem revolves around the mechanics of the reviewing process used by the Secretary upon remand. The Court notes that the Secretary has promulgated new rules for adjudicating disability claims in which vocational factors must be considered. Federal Register (43 FR 9284). These rules are being applied to all cases brought before the Secretary as of February 26, 1979. Necessarily, this includes cases remanded after that date. The application of these newly promulgated rules to this case and similar cases raises important questions.

■ As noted supra, the plaintiff initially filed his application for benefits in 1975. He filed suit in this court on June 3, 1977. After carefully considering the Social Security Act, the amended rules and the pertinent case law, the Court is convinced that the amended regulations can only be applied to applications filed prior to February 26, 1979, where the use of the new regulations would bring about the same result as the predecessor practice would have or where the use of the amended regulations benefits the claimant.

■ It is universally recognized that the Social Security Act, being remedial in nature, is to be broadly and liberally construed to effectuate the Congressional mandate to provide disability payments to all qualifying persons. *Haberman v. Finch*, 418 F.2d 664, 667 (2nd Cir. 1969).

The new amendments were first proposed on March 7, 1978 (43 FR 9284). The summary of the proposal states, in part:

"... [i]n publishing the proposed amendments the Social Security Administration intends to consolidate and elaborate upon longstanding medical-vocational evaluation policies for adjudicating disability claims in which an individual's age, education and work experience must be considered in addition to the medical condition."

If, indeed, the amended rules are merely a compilation of previous rules and practice, there should be no difference between the decisions of the Secretary made under the

prior practice and the amendments. There would be no problem with retroactive application under such circumstances. However, retroactive application of the amended rules to the detriment of the plaintiff and those similarly situated must be prohibited.

 The decision whether to grant or deny retroactive force to newly adopted administrative rules is purely a question of law and as such a reviewing court is under no overriding obligation of deference to the agency decision. *N. L. R. B. v. Guy F. Atkinson Co.*, 195 F.2d 141 (9th Cir. 1952). In making that decision reviewing courts must look to the standard established by the Supreme Court in *S. E. C. v. Chenery*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). The Court stated therein:

". . . [R]etroactivity must be balanced against the mischief of producing a result which is contrary to a statutory design or to legal and equitable principles. If that mischief is greater than the ill effect of the retroactive application of a new standard, it is not the type of retroactivity which is condemned by law. 332 U.S. at 203, 67 S.Ct. at 1581."

This Court is of the opinion that application of the amended rules to establish more stringent standards for eligibility in cases arising before the effective date of the amended regulations is precisely the type of "mischief" decried in *Chenery*, supra. An additional point against retroactive application is that the amended regulations themselves make no mention of their being applied retroactively.

 Consequently, to insure a just decision with regard to the plaintiff's case, the Court feels it necessary to ORDER that the Secretary, upon remand:

1. Consider the plaintiff's previously unconsidered medical evidence;

2. Provide and consider a psychiatric evaluation of the plaintiff; and

3. Make determinations under both the predecessor practice and the amendments and if the use of the amended rules brings about a decision which is contra to the decision under the prior practice and to the detriment of the plaintiff, to use only the predecessor rule.

Accordingly, it is hereby ORDERED that this case be remanded to the Secretary for action in accordance with this Memorandum Order.