Steven W. **THERRIEN,**
**Plaintiff-Appellant,**

v.

Richard S. **SCHWEIKER,** Secretary of Health and Human Services, **Defendant-Appellee.**

No. 1374, Docket 85–2141.

United States Court of Appeals, Second Circuit.

Argued June 10, 1986.

Decided June 27, 1986.

John P. Sandercock, Kirlin, Campbell & Keating, New York City, for plaintiff-appellant.

Frank H. Santoro, Asst. U.S. Atty., D. Conn., New Haven, Conn. (Stanley A. Twardy, Jr., U.S. Atty., Nancy B. Salafia, Asst. Regional Counsel, of counsel), for defendant-appellee.

Before WINTER and PRATT, Circuit Judges, and MALETZ,* Judge.

WINTER, Circuit Judge:

Steven W. Therrien appeals from an order of Judge Blumenfeld that upheld the denial by the Secretary of Health and Human Services (the "Secretary") of surviving-child insurance benefits under 42 U.S.C. § 402(d)(1). Judge Blumenfeld accepted and approved the Recommended Ruling of Magistrate F. Owen Eagan on January 23, 1984. Subsequently, appellant moved *pro se* to object to the Recommended Ruling. Judge Blumenfeld treated this motion as one for relief from a judgment under Fed. R.Civ.P. 60(b), due to the fact that appellant had not received timely notice of the Recommended Ruling. The court reviewed the Recommended Ruling, found it to be supported by the record and the law, and therefore denied appellant's motion. For reasons stated below, we affirm the judgment of the district court.

Therrien has been incarcerated at the Connecticut Correctional Institution at Somers since February 13, 1979. On May 8, 1979, he applied for child's insurance benefits, stating that he intended to enroll in Western Illinois University, a correspondence school. His claim was denied by the Social Security Administration ("SSA") on July 17, 1979, because he did not qualify as a full-time student according to SSA's standards. His failure to qualify was based both on the fact that he had not actually enrolled in the educational institution, and on a regulation, 20 C.F.R. § 404.367 (1980) (formerly 20 C.F.R. § 404.320 (1979)), that excluded correspondence school students from the class of persons eligible for benefits. Therrien claims that this regulation is inconsistent with the statute, and that the enrollment requirement contained in the regulation and the statute impermissibly discriminates on the basis of indigency.

At the time of Therrien's application, Section 202(d)(1) of the Social Security Act (the "Act"), 42 U.S.C. § 402(d)(1)(B)(i) (1976) (amended 1981), provided that the children of persons who died while insured by Social Security were eligible for benefits if they were unmarried and either younger than 18 years old, or a full-time student and younger than 22 years old.[1] Section 202(d) of the Act, 42 U.S.C. § 402(d)(7)(A) (1976), defined a "full-time student" as "an individual who is in full-time attendance as a student at an educational institution, as determined by the Secretary (in accordance with regulations prescribed by him) in the light of the standards and practices of the institutions involved...."

Finally, the challenged regulation provided:

> You may be eligible for child's benefits if you are a full-time student. A full-time student means a person who is in full-time attendance at an educational institution. You will be considered a full-time student if all the following conditions are met; ...
>
> (b) You are enrolled in a noncorrespondence course and carrying a subject load that is considered full-time for day students under the practices and standards of the educational institution.... If you are enrolled in any other educational institution, your course of study must last at least 13 weeks and your scheduled attendance must be at least 20 hours a week....

20 C.F.R. § 404.367 (1980).

Therrien argues in effect that the definition of a full-time student found in the regulation was inconsistent with the statute. However, because the statute explicitly delegated to the Secretary the task of prescribing regulations to effectuate the statute, the nature of our review is extremely limited. The Supreme Court has held that where there is an

> explicit delegation of substantive authority [to define terms], the Secretary's defi-

---

* The Honorable Herbert N. Maletz, of the United States Court of International Trade, sitting by designation.

1. Student benefits are no longer available beyond age 19. Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35, § 2210(a)(5)(A), 95 Stat. 357, 841.

nition of [a term] is 'entitled to more than mere deference or weight.' ... Rather, the Secretary's definition is entitled to 'legislative effect' because, '[i]n a situation of this kind, Congress entrusts to the Secretary, rather than to the courts, the primary responsibility for interpreting the statutory term.' ... [O]ur task is the limited one of ensuring that the Secretary did not 'excee[d] his statutory authority' and that the regulation is not arbitrary or capricious.

*Schweiker v. Gray Panthers,* 453 U.S. 34, 44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981) (quoting *Batterton v. Francis,* 432 U.S. 416, 425–26, 97 S.Ct. 2399, 2405–06, 53 L.Ed.2d 448 (1977)). *See also Herweg v. Ray,* 455 U.S. 265, 102 S.Ct. 1059, 71 L.Ed.2d 137 (1982) (applying standard of review set out in *Gray Panthers* and *Batterton* ). Thus, Therrien must demonstrate that the regulation either was so inconsistent with the statute as to be outside the legitimate exercise of authority delegated to the Secretary, or was arbitrary or capricious.

In enacting Section 402(d)(1), Congress sought to aid dependent children of deceased or disabled insureds in completing their education. Prior to the 1965 Amendments to the Act, eligibility terminated at age 18. The Senate report that accompanied the 1965 Amendments stated:

> The committee believes that a child over age 18 who is attending school full time is dependent just as a child under 18 or a disabled older child is dependent, and that it is not realistic to stop such a child's benefit at age 18....
>
> The committee believes it is now appropriate and desirable to provide social security benefits for children between the ages of 18 and 22 who are full-time students and who have suffered a loss of parental support.

S.Rep. No. 404, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Ad. News 1943, 2036–37.

■ Thus, Congress's concern seems to have been with dependency. The Secretary, in promulgating the regulation, was entitled to believe that full-time students attending class were less likely to be able to support themselves through employment than were part-time or correspondence students. This estimation was consistent with the statute and neither arbitrary nor capricious.

Therrien's reliance on our decision in *Haberman v. Finch,* 418 F.2d 664 (2d Cir. 1969), is misplaced. In that case, we directed the Secretary to provide benefits to a student who had been forced by illness to reduce her weekly credit hours to 16½, below the 20-hour minimum contained in the regulation. We concluded that the student was obviously within the class sought to be covered by the statute, and that she had "done her level best" to comply with the regulation. *Id.* at 667. In addition, we noted that the Secretary had conceded that the student's course of study was considered by the school to be "equivalent to its full-time day program." *Id.* at 666. Therefore, we directed the Secretary to except the student from the regulation and provide benefits.

We do not view Therrien's incarceration in the same way we viewed the physical incapacity of the student in *Haberman.*[2] Also, we cannot conclude that Therrien's intended course of study is the equivalent of a full-time program. *Haberman* is thus inapposite.

Therrien's second argument, which we discuss briefly, is a constitutional attack on the enrollment requirement of the regulation. He claims to be caught in a Catch-22 predicament, because he must be enrolled

---

**2.** 1980 Amendments to the Act, which do not govern appellant's claim, explicitly exclude individuals "confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense ... which constituted a felony under applicable law." Act of October 19, 1980, Pub.L. No. 96–473, § 5(b), 94

Stat. 2263, 2265 (codified at 42 U.S.C. § 402(d)(8)(A)). Although the district court noted this amendment in its discussion of the intent of Congress in enacting the 1965 Amendments, it clearly did not, as appellant claims, give the 1980 amendment retroactive effect.

in order to receive benefits but must receive the benefits in order to enroll. However, this predicament is created not by the Secretary, but by the "cash in advance" enrollment policy of Therrien's chosen academic institution. Moreover, he is now enrolled, notwithstanding the lack of benefits and the supposed Catch-22 circumstances.

We have examined appellant's other claims and found them to be without merit.

Affirmed.