**Belle FINEBERG, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 1971-562.**

United States District Court,
W. D. New York.

Sept. 24, 1973.

---

Borins, Halpern, Snitzer, Levy & Fradin, Buffalo, N. Y. (Isadore Snitzer, Buffalo, N. Y., of counsel) for plaintiff.

John T. Elfin, U. S. Atty. (C. Donald O'Connor, Buffalo, N. Y., of counsel) for the Government.

CURTIN, District Judge.

This is an action brought under 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for hospital insurance benefits under 42 U.S.C. § 1395c. Defendant seeks summary judgment based on the pleadings, the record and the decision below.

The plaintiff filed an application for hospital insurance benefits on April 29, 1970 for payment of extended care benefits at Carlton House Nursing Home [Carlton House] commencing on April 28, 1970. The application was denied initially and denied also on reconsideration by the Social Security Administration. A hearing was held on June 11, 1971 and plaintiff's claim was considered *de novo*. On July 22, 1971, the hearing examiner, after hearing testimony presented by plaintiff's brother-in-law on behalf of plaintiff and considering clinical and financial records, found that plaintiff was not entitled to extended care benefits. That became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council approved the hearing examiner's decision on October 22, 1971.

According to 42 U.S.C. §§ 1395d, 1395x(a), in order for plaintiff to be entitled to hospital insurance benefits there must be a sixty day period between spells of illness during which she was "neither an inpatient of a hospital nor an inpatient of an extended care facility." Thus, since the hospital admission for which extended care benefits are claimed began on December 12, 1969, plaintiff must have been neither an inpatient of a hospital nor an inpatient of an extended care facility from October 13, 1969 to December 12, 1969.

■ This court's function in reviewing decisions of the Secretary of Health, Education and Welfare under 42 U.S.C. § 405(g) is a limited one. The question before this court is whether the Secretary's findings as to the relevant facts are supported by substantial evidence. Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38 (2d Cir. 1972).

The evidence relied on by the Secretary is as follows. Plaintiff's brother-in-law, Mr. Irving Gerstman, testified that he has power of attorney from the plaintiff, and manages all of her affairs. Mr. Gerstman testified that the plaintiff was admitted to Carlton House on April 2, 1969 and was discharged from there on December 12, 1969. Mr. Gerstman arranged to have the plaintiff stay at Carlton House following the cessation of Medicare payments on July 11, 1969. Mr. Gerstman talked with one of the

nursing home executives who asked that the plaintiff be moved out. Mr. Gerstman explained to him that there was no relative who could possibly take the plaintiff and that they could not find suitable living quarters for her. Arrangements were therefore made to have the plaintiff stay at Carlton House as a resident. Mr. Gerstman paid for whatever services she received and debts she incurred out of plaintiff's own funds. Mr. Gerstman was not too certain when pressed as to what the difference was between the services which were rendered to the plaintiff before July 11, 1969 and after July 11, 1969.

The Secretary further relies on a letter dated October 30, 1970 from the Carlton House per Mr. Edward C. Weeks, Administrator. This letter stated:

> An examination of [plaintiff's] clinical records covering this period of time [July 11, 1969 to December 12, 1969] indicates that she received a significant amount of nursing care, several laboratory test procedures and was regularly visited by her attending physician. Based on these facts, I could not categorize her stay as purely "residential." Neither could it be categorized as "extended care" as defined under the federal Medicare program. It would essentially be classified as skilled or custodial care.

It was found, and is not in dispute, that plaintiff was in the Buffalo General Hospital from December 13, 1969 through April 27, 1970; that plaintiff was admitted to Carlton House on April 28, 1970, directly following her hospital stay at the Buffalo General Hospital. The decision of the hearing examiner is that plaintiff is not entitled to a new benefit period.

■ The issue presented is whether there was a sixty day break between spells of illness; specifically whether plaintiff was correctly determined to be an *inpatient* of an extended care facility from July 11, 1969 to December 13, 1969.

Here there is insufficient evidence on this issue. Plaintiff's brother-in-law, Mr. Gerstman, testified that he was not too certain as to the services rendered to plaintiff when he was paying her bills and those which she had received previously. The letter from Mr. Weeks indicates that plaintiff's status was not that of an extended care inpatient; but neither was it purely residential. The decision of the hearing examiner on the question of plaintiff's inpatient status is stated:

> 2. That the claimant paid for her own care and maintenance while at said Carlton House Nursing Home from July 11, 1969 to December 12, 1969.
>
> \*　\*　\*　\*　\*　\*
>
> .5. That the evidence establishes that the claimant is not entitled to a new benefit period. (Tr. 5).

The court finds that his conclusion is not supported by the record.

The court also finds that the plaintiff has raised serious questions in her application for hospitalization and extended care benefits. Since the evidence before the Secretary is not particular enough to finally decide the issue of inpatient status, the court will exercise the discretion given it under 42 U.S.C. § 405(g) to order "additional evidence to be taken before the Secretary." Specific medical evidence should be taken on the plaintiff's status from the period from July 11, 1969 to December 13, 1969. This evidence should have reference to plaintiff's status had she been at home or had relatives been able to care for plaintiff.

Accordingly, the case is remanded to the Secretary pursuant to the provisions of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. Defendant's motion for summary judgment is denied without prejudice.

So ordered.