Lena KAUFMAN, Plaintiff-Appellee,

v.

Patricia HARRIS, Secretary of Health and Human Services, Defendant-Appellant.

No. 83–3136.

United States Court of Appeals, Sixth Circuit.

Argued March 5, 1984.

Decided April 12, 1984.

Rehearing Denied May 25, 1984.

Carolyn Watts Allen, Asst. U.S. Atty., Cleveland, Ohio, Anthony J. Steinmeyer, Carlene V. McIntyre, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., David A. Gerard (argued), Asst. Regional Atty., Chicago, Ill., for defendant-appellant.

James Mitchell Brown (argued), Cleveland, Ohio, for plaintiff-appellee.

Before ENGEL and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

The Secretary of Health and Human Services appeals from an order of Judge Robert B. Krupansky of the United States District Court for the Northern District of Ohio that vacated the Secretary's denial of Mrs. Kaufman's claim for Medicare benefits.

Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395–1395xx (1976 & Supp. V 1981), provides Medicare benefits for inpatient hospital services for up to 150 days during one "spell of illness," and post-hospital extended care services for up to 100 days during one "spell of illness." 42 U.S.C. § 1395d (1976 & Supp. V 1981). The term "spell of illness" is defined as a period of consecutive days,

(1) beginning with the first day (not included in a previous spell of illness) (A) on which such individual is furnished inpatient hospital services or extended care services, and (B) which occurs in a month for which he is entitled to benefits under part A, and

(2) ending with the close of the first period of 60 consecutive days thereafter on each of which he is neither an inpatient of a hospital nor an inpatient of a skilled nursing facility.

42 U.S.C. § 1395x(a) (1976). The issue in the present case is whether a "spell of illness" terminates where, following hospitalization, a Medicare claimant takes up residence in a skilled nursing facility, but receives custodial, rather than medical or therapeutic services there.

The facts of this case are not disputed. Mrs. Kaufman began residing at Menorah Park Jewish Home for the Aged, a skilled nursing facility, in April of 1969. She was hospitalized several times between April of 1969 and September of 1971, principally for psychiatric treatment. Upon each discharge from the hospital, Mrs. Kaufman returned to Menorah Park where she received custodial, as opposed to medical, care. The Secretary denied benefits to Mrs. Kaufman for the last of her stays in the hospital on the ground that the claimant had exhausted her 150 days of benefits. This decision was upheld by the Health Care Financing Administration and the Administrative Law Judge. The Administrative Law Judge agreed with the Secretary that Mrs. Kaufman's various hospital stays comprised a single "spell of illness" since Mrs. Kaufman on each occasion returned to Menorah Park and thus never interrupted the "spell of illness" for the requisite 60 day period. 42 U.S.C. § 1395x(a) (1976).

Mrs. Kaufman sought review in the district court of the Administrative Law Judge's determination. Judge Krupansky vacated the Secretary's decision on the ground that, since Mrs. Kaufman had received no medical or therapeutic care at Menorah Park but merely resided there, she was not an "inpatient" of a skilled nursing facility within the meaning of 42

U.S.C. § 1395x(a) (1976). The district court defined an inpatient as one who receives food, lodging, *and treatment* in a hospital or infirmary. *Kaufman v. Harris*, No. C80–320, slip op. at 6 (N.D.Ohio Jan. 4, 1983). Thus Mrs. Kaufman's "spell of illness" had terminated 60 days after she returned to Menorah Park from the hospital and the court concluded that Mrs. Kaufman was eligible for further Medicare benefits. The Secretary appeals this decision and contends that a Medicare claimant is an "inpatient" of a skilled nursing facility so long as he or she resides there, regardless of the level of care received.

In *Friedberg v. Schweiker*, 721 F.2d 445 (3rd Cir.1983), the Third Circuit, under circumstances nearly identical to those presented in this case, rejected the Secretary's contention that so long as a Medicare claimant resides in a skilled nursing facility, the "spell of illness" does not terminate. The *Friedberg* panel was persuaded by the reasoning of United States District Judge Stanley S. Brotman and declined, as another district court has characterized it, "[t]o woodenly apply the literal interpretation of the statute, which makes geography determinative of a person's state of health, [and] is contrary to the spirit and intent of this legislation." *Gerstman v. Secretary of H.E.W.*, 432 F.Supp. 636, 639 (W.D.N.Y.1977). Although *Friedberg* had not been published at the time of the lower court's decision in the present case, it is clear that Judge Krupansky found the same logic compelling in his decision to vacate the Secretary's final order. Other district courts which have considered this problem have likewise rejected the Secretary's interpretation of the Medicare statute. *E.g. Steinberg v. Schweiker*, 549 F.Supp. 114 (S.D.N.Y.1982); *Levine v. Secretary of H.E.W.*, 529 F.Supp. 333 (W.D.N.Y.1981); *Gerstman v. Secretary of H.E.W.*, 432 F.Supp. 636 (W.D.N.Y.1977); *Eisman v. Mathews*, 428 F.Supp. 877 (D.Md.1977). *Contra, Stoner v. Califano*, 458 F.Supp. 781 (E.D. Mich.1978).

Upon consideration of all of the foregoing authority, we are of the view that the opinion of Judge Brotman, appended to the decision of the Third Circuit in *Friedberg*, is persuasive both in its logic and scholarship. The Secretary's position here appears inconsistent with the plain meaning of the statute. We also are reluctant to conclude that Congress intended to premise the payment of Medicare benefits solely on the place a claimant chooses to reside, regardless of the level of medical care received there. If the Secretary feels aggrieved by this decision, she can of course apply for certiorari. In the meantime, our decision here maintains harmony among the circuits upon a matter which requires uniform national application. Accordingly,

The judgment of the district court is AFFIRMED.